

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sabine Frederic,

           Plaintiff,

—v—

NFC Amenity Management, et al.,

           Defendants.

17-cv-5769 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    This case arises from Plaintiff Sabine Frederic's employment as a lifeguard at the pool of Gravity Fitness, located within the Le Parker Meriden New York hotel. Ms. Frederic sued NFC Amenity Management ("NFC"),[1] Gravity Fitness @ Le Parker Meridien Hotel NY ("Gravity Fitness"), Robert Cancel as "cofounder and COO" of NFC, Jean-Marie Potter as "co-founder and CEO" of NFC, and Steven Pipes as "curator of Gravity." Complaint ("Compl."), Dkt. No. 2, at 4. Ms. Frederic seeks "undisclosed" relief for religious discrimination, workplace harassment, failure to abide by minimum wage laws, failure to provide appropriate break periods and calculation of hours, extreme hardship, and hostile work environment. *Id.* at 2, 5-6. Before the Court is Defendants' motion to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted or, in the alternative, to dismiss the complaint in part as to certain defendants. Memorandum of Law in Support of Defendants' Motion to Dismiss the *In*

---

[1] As to both NFC Amenity Management and Gravity Fitness, Defendants assert that Plaintiff employed inaccurate names and that the proper entities are, respectively, TFC Partners d/b/a NFC Amenity Management t/as NFC Amenity Management and PM Hotel Associates, L.P. Mot. at 1 nn.1-2. As do Defendants, the Court presumes that Plaintiff has named the proper business entities in her claims.

1

*Forma Pauperis* Complaint ("Mot."), Dkt. No. 13. For the reasons provided below, Defendants' motion will granted in part and denied in part.

## I. BACKGROUND

The Court takes the following relevant facts from Ms. Frederic's complaint. Ms. Frederic asserts that while she was employed by Defendants, she was prevented from wearing the clothing that she understood her faith to require. Compl. at 5-6. This was despite the fact that she had purportedly previously been told that wearing such clothing would be permissible. *Id.* at 5. When possible alternative forms of dress were suggested to Ms. Frederic—specifically shorts— she responded that she did not have money to pay for them. *Id.* at 6. Ms. Frederic was fired soon thereafter. *Id.* at 5.

On July 28, 2017, Ms. Frederic filed a complaint in this Court. Dkt. No. 2. This Court granted her motion to proceed *in forma pauperis* on August 9, 2017. Dkt. No. 3. On December 11, 2017, Defendants filed a motion to dismiss Ms. Frederic's complaint. Dkt. No. 12. This Court gave Ms. Frederic until January 24, 2018, to file an amended complaint or an opposition. Dkt. No. 15. After Ms. Frederic failed to do either, this Court deemed the motion to dismiss fully submitted. Dkt. No. 17.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the factual allegations in the Complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* At 555. However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Where a party is proceeding *pro se*, a court shall construe their complaint "to raise the strongest claim it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets omitted).

## III. DISCUSSION

Defendants have moved to dismiss Ms. Frederic's complaint in its entirety on the grounds that the only cognizable federal claims raised fall under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e (2012), and that these fail for lack of administrative exhaustion. Mot. at 2-5. In the alternative, Defendants argue: that Ms. Frederic's claims should be dismissed against defendants Cancel, Potter, and Pipes, because Title VII does not create individual liability; and that Ms. Frederic's Title VII claims should be dismissed against Gravity Fitness because she failed to allege an employment relationship. *Id.* at 6-7.

### a. Ms. Frederic's Title VII Claim Cannot Be Dismissed for Exhaustion on Defendants' Motion 12(b)(6)

Ms. Frederic's claims of religious discrimination are based on Defendants' alleged refusal to allow her to wear religiously-mandated dress during her employment and her termination as a result. As Defendants argue, Mot. at 3, these claims are best cognized as falling under Title VII of the Civil Rights Act of 1964, which forbids employers from discriminating against employees on the basis of religion. 42 U.S.C. § 2000e–2(a)(1). In particular, read liberally, Ms. Frederic's complaint makes out a claim that Defendants' termination of her employment was motivated by a desire to deny her a reasonable accommodation for religious dress. *See E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2032–34 (2015) (describing a religious reasonable accommodation claim under Title VII).

3

Defendants assert that Ms. Frederic's Title VII claims fail for lack of administrative exhaustion. They are correct that exhaustion is a prerequisite of a Title VII claim. *See, e.g., Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) ("Before bringing a Title VII suit in federal court, an individual must first present the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency." (internal quotes omitted)). A claimant must "make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Ultimately, for Ms. Frederic's claim to succeed, she must have administratively exhausted it.

However, exhaustion is an affirmative defense and as such can only be a proper basis for a motion to dismiss under Rule 12(b)(6) if failure to exhaust appears on the face of the complaint. The Second Circuit has recently held "that the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). "[A]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, *if the defense appears on the face of the complaint.*" *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (emphasis added)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on *whether the allegations in the complaint suffice to establish that ground*, not on the nature of the ground in the abstract." (emphasis added)). Inversely, an affirmative defense relying on evidence beyond the pleadings is not suitable for resolution under Rule 12(b)(6), but rather as a motion for summary judgment under Rule 56. While this may

4

allow otherwise unexhausted claims to survive a motion to dismiss, the Supreme Court explicitly contemplated this outcome. *Jones*, 549 U.S. at 215 ("The argument that screening would be more effective if exhaustion had to be shown in the complaint proves too much; the same could be said with respect to any affirmative defense."). For Defendants to prevail on their motion to dismiss, it must therefore be clear form Ms. Frederic's complaint that she failed to exhaust.

In this case, Defendants rest their exhaustion argument on two facts. First, they assert in their briefing that they "have not received any notification from the EEOC or the New York State Division of Human Rights (the 'DHR') regarding any charge filed by Plaintiff in relation to her employment with NFC, nor are they aware that any such charge exists." Mot. at 3. And second, they point to the fact that "the Complaint does not contain any allegations indicating that Plaintiff has, in fact, filed a charge with the EEOC or the DHR." *Id.* Neither of these arguments is sufficient at this juncture.

The first argument relies on facts not appearing in the complaint, and as such is not proper for consideration on a motion under Rule 12(b)(6). Generally, a district court may not "rel[y] on factual allegations contained in legal briefs or memoranda . . . in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) (citation omitted). On a motion to dismiss for failure to state a claim,

> consideration is limited to the factual allegations in plaintiff['s] . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Donahue v. Asia TV USA Ltd.*, 208 F. Supp. 3d 505, 519 (S.D.N.Y. 2016) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). Defendants' unsupported allegation that

5

they have not been notified falls into none of the above categories[2] and therefore is not properly before this Court for consideration on Defendants' 12(b)(6) motion.

Defendants' second argument must fail as well, since requiring a plaintiff to allege exhaustion would effectively subvert the Second Circuit's mandate that it is an affirmative defense. Because Title VII exhaustion is an affirmative defense, Defendants had the burden of pleading it. *See Hardaway*, 879 F.3d at 491. Therefore, Ms. Frederic was not required to plead its absence. *See Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) ("A plaintiff is not required to plead the absence of such a defense."). Yet dismissing Ms. Frederic's claim for failure to allege that she exhausted her administrative remedies would do just that. In the absence of any indication on the face of the complaint that Ms. Frederic has failed to exhaust her claim—and cognizant of the special solicitude that courts must show to *pro se* parties—granting Defendants' motion to dismiss would not be warranted at this juncture.

In such circumstances, a district court may, in its discretion, convert a motion to dismiss that includes additional evidence beyond the pleadings into a motion for summary judgment. *See, e.g., Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005). In making this determination, a court will look to "whether or not the proffered material . . . is likely to facilitate the disposition of the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (3d ed. 2004). Where the evidence outside of the pleadings is "scanty, incomplete, or inconclusive," courts will usually not convert a motion to dismiss into a motion for summary judgment. *Id.* Defendants have offered only an unsupported assertion in briefing to support of their claim. As such, the Court finds that it would not be appropriate at this juncture to

---

[2] The standard for judicial notice is plainly not met here. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

6

convert this motion into one for summary judgment.

As Ms. Frederic's purported failure to exhaust is not plain on the face of her complaint, Defendants' motion to dismiss Plaintiff's Title VII claim based on exhaustion is denied.

### b. Ms. Frederic's Title VII Claims Against the Individual Defendants Are Dismissed

Defendants assert that Ms. Frederic's claims against the individual defendants must be dismissed because the only cognizable federal cause of action contained in the complaint falls under Title VII and individuals are not subject to liability under Title VII. Defendants are correct that Title VII does not impose individual liability. *See Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003). Their motion will be granted with respect to Ms. Frederic's Title VII claims against Cancel, Potter, and Pipes.

However, to avoid any ambiguity, the Court notes that this decision does not reach any potential religious discrimination claims under state law that Ms. Frederic's complaint may suggest. *See Gregory v. Daly*, 243 F.3d 687, 689 n.1 (2d Cir. 2001), *as amended* (Apr. 20, 2001) (noting that the New York Human Rights Law, N.Y. Exec. Law § 296, permits claims against individual defendants where Title VII does not) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)).[3]

### c. Ms. Frederic Alleged that Gravity Fitness Was Her Employer

Defendants move to dismiss Ms. Frederic's claims against Gravity Fitness as insufficiently plead. Defendants assert that "there neither was an employment relationship between Plaintiff and Gravity Fitness alleged in the Complaint, nor does one exist[.]" Mot. at 7. Yet in Ms. Frederic's complaint, she begins her recitation of the facts with an allegation that

---

[3] Indeed, Defendants acknowledge the possibility of such claims in asking the Court to "decline to exercise supplemental jurisdiction over any potential state law claims relating to the Complaint's allegations regarding religious discrimination." Mot. at 7.

7

Gravity Fitness, along with NFC, had been a problematic employer. Compl. at 5. Construed liberally, this is a sufficient allegation of an employment relationship. Defendants' motion to dismiss Ms. Frederic's claims against Gravity Fitness will therefore be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint with prejudice is GRANTED as to her Title VII claims against Robert Cancel, Jean-Marie Potter, and Steven Pipes. Defendants' motion is DENIED with respect to Ms. Frederic's religious discrimination claims under Title VII and her claims against Gravity Fitness. This resolves item number 12 on the docket. Chambers will mail a copy of this order to Ms. Frederic and that mailing will be noted on the public docket.

Should Ms. Frederic want legal advice, she may consult the *pro se* legal clinic. On September 19, 2016, a new legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling 212-659-6190.

SO ORDERED.
Dated: September 28, 2018

New York, New York

_____
ALISON J. NATHAN